IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 17 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Ryan D. Labs _____, Applicant,

v.

Warden Williams – FCI Englewood , Respondent.
(Name of warden, superintendent, jailer, or other custodian)

(Note: If you are attacking the validity of a state conviction or sentence and not the execution of your sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**A.   APPLICANT INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Ryan D. Labs (45655510) FDC Englewood 9595 W. Quincy Ave Littleton CO 80123
(Applicant's name, prisoner identification number, and complete mailing address)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

\_\_\_ Pretrial detainee
\_\_\_ Civilly committed detainee
\_\_\_ Immigration detainee
\_\_\_ Convicted and sentenced state prisoner
_X_ Convicted and sentenced federal prisoner
\_\_\_ Other: (*Please explain*) _____

**B.   RESPONDENT INFORMATION**

Warden Williams - FCI Englewood 9595 W. Quincy Ave, Littleton CO 80123
(Respondent's name and complete mailing address)

**C.   STATEMENT OF CLAIMS**

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "C. STATEMENT OF CLAIMS."*

CLAIM ONE: The BOP has failed to use my sentencing date
Supporting facts: as the start date for my First Step Act (FSA) credits and first needs assessment, per the 10th District ruling in, *Puana v. Warden Williams - FCI Englewood*, 2024 US Dist. LEXIS 217634, Case No. 24-cv-01088 (CNS) (Dec. 2, 2024, District of CO).

=See attached=

2

### D.   PRIOR APPLICATIONS

Have you ever filed a lawsuit, other than this lawsuit, in any federal court in which you raised or could have raised the claim(s) raised in this action? ___ Yes  _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one prior application, use additional paper to provide the requested information for each prior application. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "D. PRIOR APPLICATIONS."*

Name and location of court: _____

Case number: _____

Type of proceeding: _____

List the claim(s) raised: _____

Date and result: (Attach a copy of the decision if available) _____

Result on appeal, if appealed: _____

### E.   ADMINISTRATIVE REMEDIES

*WARNING: You must exhaust administrative and/or state remedies before filing an action in federal court pursuant to 28 U.S.C. § 2241. Your case may be dismissed if you have not exhausted administrative and/or state remedies. If additional space is needed to explain exhaustion, use extra paper to do so. Please indicate that additional paper is attached and label the additional pages regarding exhaustion as "E. ADMINISTRATIVE REMEDIES."*

Explain the steps you have taken to exhaust administrative and/or state remedies:

I submitted a BPB Admin. Remedy and was denied by the BoP relying on BoP Policy Statement 5410.01. Thus, any further BoP appeal process would be futile.

= See attached =

3

**F.   REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "F. REQUEST FOR RELIEF."*

Order the BoP to re-calculate my FSA credits using my sentencing date and begin my first needs assessment on the same date.

= See attached =

**G.   APPLICANT'S SIGNATURE**

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

_____
(Applicant's signature)

March 6, 2025
_____
(Date)

(Form Revised December 2017)

I am not an attorney or with any legal training. As such, I am requesting the Court assign counsel to complete the court filings related to my 2241 motion, herein, in order to respect the time and resources of the Court.

The Courts, in a plethora of Federal Districts, infra, have already posited in support of my arguments to award First Step Act (FSA) time credits to me commencing on my "sentencing date" (as referenced in my filing) instead of the BOP's current following of their erroneous BOP Policy Statement 5410.01, which purposely delays the commencement of the FSA time calculations until after the "committed date" of any federal inmate (i.e.--the date one arrives at his/her Federal compound). This is a BOP policy that effects thousands of current detainees and, at the soonest available date, requires Congressional or Justice System interventions, instructing the BOP to augment their current policy protocols; of detaining inmates far too long in most scenarios. But, as of now, any BOP inmate who wants to correct the commencement date of their FSA credits and first needs assessment will be forced to burden the Court for assistance; to follow Puana v. Warden Williams-FCI Englewood, 2024 US Dist. LEXIS 217634, Case No. 24-cv-01088(CNS)(Dec. 2, 2024, Dist. of CO).

Administrative Remedies: I have filed a BP-8 within the BOP administrative remedy process. The BOP response created a futility issue immediately, espousing that their Policy Statement (effectively PS 5410.01--directly or indirectly) dictates that no one is eligible to receive FSA credits until their committed date--not their sentencing date. Thus -- there is no legal reason to continue the BOP's administrative remedy process to seek resolution to this matter. They have transferred jurisdiction to the Courts for proper disposition.

COURT DECISIONS: The various Federal Courts have repeatedly agreed with the reasoning of Huihui v. Derr, No. CV 22-00541 JAO-RT, 2023 U.S. Dist. LEXIS 106532, 2023 WL 4086073 (D. Haw. June 20, 2023), and Yufenyuy v. Warden, FCI Berlin, 659 F. Supp. 3d 213 (D.N.H. 2023), which found that BOP's regulations precluding inmates from being eligible to earn FSA credits beginning on the date their sentence commenced contradicts clear congressional intent and are therefore due no deference. See also Mohammed v. Warden Stover, FCI Danbury, 2024 U.S. Dist. LEXIS 73508, 3:23-CV-757 (SVN) (April 23, 2024 -- Dist. of Ct.), Jackson v. Doerer, 2024 U.S. Dist. LEXIS 215620 (October 28, 2024 -- C.D. Cal.), Pelullo v. Warden FCC Coleman-Low, 2024 U.S. Dist. LEXIS 143499, Case No. 5:23-cv-189-WFJ-PRL (Aug. 13, 2024 -- M.D. Fl.), et. al.

The Courts have ruled that the BOP's reading of 3624(g)(1) that precludes the BOP from crediting programs undertaken between an inmate's sentencing and arrival at his/her destination facility, if such programs would have otherwise qualify under the risk and needs assessment system, is a strained reading.

PRODUCTIVE ACTIVITIES: While detained post-sentencing, I have engaged in all Productive Activities (PAs) recognized by the BOP and the Courts as sufficient to receive FSA credits. The Courts have recognized that the BOP's broad definition of PAs supports this reading, noting that "PAs include a variety of structured programs" that are approved by the BOP, "and unstructured activities (e.g. teams, exercise, worship services.)". See BOP First Step Act Approved Programs Guide at 2. The BOP guide continues in recognizing that "unstructured PAs [] include '[p]roductive, free-time activities (e.g., recreation, hobby crafts, or religious services), [f]amily interaction activities (e.g., social visiting), [and] [p]ersonal growth and development classes (e.g., adult continuing education classes)...'" BOP Program Statement 5410.01 CN-2 subsection 3. The BOP has created broad categories of PAs through their structured and unstructured system.

In general, every day post-sentencing, I have participated in activities that would be considered in compliance if/when I am transported to a final committed facility. Thus, my current PAs participations are valid under the BOP's own policy statement, supra. Furthermore, the BOP has previously stood on the erroneous fact that myself (or others in in-transit facilities or holdover status) could not continue PAs to satisfy "programming". This is clearly inaccurate and self-serving. Simply, my religious worship and daily exercises continue regardless of my custody location under the BOP at all times. This conflicts with their strained definition of not "what" I may be doing daily to satisfy the EBRR/PA requirements (eligible in their PS), but "where" -- when my activities remain constant.

I hereby certify that a copy of the foregoing pleading/document was mailed to: _Warden Williams_ at (institution): _FCI Englewood_, address: _9595 W. Quincy Ave. Littleton, CO 80123_, on ~~Febr~~ _March 6_, 2025.

Sincerely,

RYAN D. LABS

Ryan D. Labs 456555/0
TDC Englewood
2595 W. Quincy Ave.
Littleton Co 80123

Clerk of the Court
Alfred A. Arraj Federal Courthouse
901 19th Street
Denver, CO 80294

DENVER CO 802
14 MAR 2025 PM 4 L

80294-250151

